IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NICHOLAS SWEIS, etc.,           )
                                )
              Plaintiff,        )
                                )
     v.                         )    No. 13 C 7175
                                )
TRAVELERS CASUALTY INSURANCE    )
COMPANY OF AMERICA, et al.,     )
                                )
              Defendants.       )

MEMORANDUM ORDER

This Court has just belatedly received from counsel for plaintiff Nicholas Sweis, as trustee of the Sweis Living Trust ("Sweis"), a chambers copy of the Complaint in this action.[1] This memorandum order is issued sua sponte because of two problematic aspects of the Complaint.

Sweis invokes federal subject matter jurisdiction in diversity of citizenship terms, and for the most part the Complaint's allegations are unexceptionable in that respect. There are, however, two deficiencies:

    1. Because Complaint ¶1 identifies Sweis as a <u>co-</u>trustee, the statutorily required identification of the citizenship of all relevant parties calls for him to specify the other co-trustee or co-trustees, coupled with information about the state or states of citizenship

---

[1] That delivery was accompanied by a check for $100, payable to the Clerk of Court, because of counsel's noncompliance with this District Court's LR 5.2(f) and with this Court's website addressing the requirements of that LR.

involved.

   2. Even more importantly, Complaint ¶3 alleges this as to one of the several codefendants:

   > Upon information and belief, defendant Overman Insurance Agency, LLC ("Overman"), is a limited liability company organized under Oklahoma law, with its principal place of business located at 117 South Broadway Street, Cleveland, Oklahoma 74020....

Although Complaint ¶3 goes on to state that "Overman is not a citizen of Illinois," the above-quoted language renders that assertion suspect. What is alleged in the quoted language is a total irrelevancy when it comes to the relevant citizenship of any limited liability company, for it says nothing at all about the citizenship of Overman's <u>members</u>. And as taught by a host of cases such as <u>Wise v. Wachovia Sec., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006):

   > The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members.

This Court ordinarily dismisses complaints (without prejudice, of course) that have made the mistake just referred to, because a plaintiff who seeks to invoke diversity jurisdiction has the affirmative obligation to do so properly. But because Complaint ¶1 identifies Sweis as a South Carolina citizen, it seems unlikely that the necessary identification of

Sweis' co-trustee or co-trustees and of Overman's members, plus their respective states of citizenship, would reveal a lack of total diversity.

Accordingly Sweis' counsel is granted until November 18, 2013 to cure the two categories of deficiencies identified in this memorandum order through an appropriate amendment to the Complaint, failing which this Court would be constrained to dismiss both the Complaint and this action for lack of federal subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 1, 2013