```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

NICHOLAS SWEIS, as co-trustee  )
of the Sweis Living Trust,     )
                               )
          Plaintiff,           )
                               )
     v.                        )   No. 13 C 7175
                               )
TRAVELERS CASUALTY INSURANCE   )
COMPANY OF AMERICA; OVERMAN    )
INSURANCE AGENCY, LLC; and     )
LARRY D. BROWN, and            )
TERRI I. BROWN,                )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

Nicholas Sweis as co-trustee of the Sweis Living Trust ("Sweis") has sued Travelers Casualty Insurance Company of America ("Travelers"), Sweis' insurance broker Overman Insurance Agency, LLC ("Overman") and its two principals Larry and Terri Brown (collectively "Browns), seeking insurance coverage for the partial collapse of the roof structure at 526 E. 47th Street, Chicago (the "loss location").  Travelers has denied Sweis' claim because property coverage for the loss location was assertedly never provided by Travelers under the commercial insurance policy that Travelers had issued to Sweis (the "Policy").  Travelers has now moved for a Fed.R.Civ.P. ("Rule") 12(c) judgment on the pleadings, and Sweis' recently filed Answer to that motion makes the issue ripe for decision.

Both sides' counsel have mistakenly cited N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th

Cir. 1998) as establishing the controlling criterion for decision here. Although that case correctly holds that a Rule 12(c) motion is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6), counsel should have been alerted by the case's outdated teaching that such motion may be granted only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief" -- an overly generous principle that stems from the now-discredited decision in <u>Conley v. Gibson</u> 355 U.S. 41, 45 (1957). Anyone who practices in the federal courts ought to know by now that the <u>Conley v. Gibson</u> test has been supplanted by adding the need for "plausibility" articulated in the <u>Twombly-Iqbal</u> canon.[1]

That aside, however, what is fatal to Sweis' claim is that he seeks to hang his hat on the Certificate of Property Insurance ("Certificate") issued by his insurance broker Overman, rather than on Travelers' policy, which concededly does <u>not</u> provide insurance coverage covering the claimed loss. Sweis has attached the Certificate as Complaint Ex. C, and it is headed with this express disclaimer:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION
> ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER.
> THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE
> COVERAGE AFFORDED BY THE POLICIES BELOW.

In Illinois the strict enforceability of such a disclosure has

---

[1] Sweis has compounded the error by italicizing the word "any" in the quoted language for emphasis.

2

been squarely reconfirmed by the recent decision in <u>Westfield Ins., Co. v. FCL Buildings, Inc</u>. 407 Ill.App.3d 730, 736-37, 948 N.E.2d 115, 120-21 (1st Dist. 2011), which discussed the earlier Illinois caselaw in detail and concluded (citations omitted):

> As in those cases, the certificate here expressly confers no rights on the certificate holder, and it expressly does not alter Westfield's liability on the policy in any way. FCL consequently cannot rely on the certificate in order to establish that it is an additional insured under the policy.

That language might well have been written for this case.

Sweis' Memorandum of Law in opposition to Travelers' motion seeks to squirm out from under the fatal impact of that disclaimer by stating his <u>intention</u> to have added property coverage for the loss location to his commercial general liability policy with Travelers. But all that he can point to in that regard is the asserted knowledge of that intention on the part of Overman and the Browns.

That does Sweis no good at all, for his First Amended Complaint at Law ("FAC") expressly confirms that the insurance broker was <u>his</u> agent. Indeed, except for FAC Count I's prayer for a declaratory judgment against Travelers and the already-rejected FAC Count II breach of contract claim against Travelers, all of the remaining Counts III through VII are advanced against Overman and the Browns on theories of negligence, breach of contract and respondeat superior, all stemming from their failure to have obtained Sweis' desired insurance coverage.

In sum, Travelers' Rule 12(c) Motion is granted. It is dismissed as a defendant. Because Travelers' motion has not spoken to the issue of a possible Rule 54(b) determination to make the ruling here the predicate for a final judgment, this Court will simply await any action that Travelers may choose to advance in that respect.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Dated:    December 30, 2013