IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **NICHOLAS SWEIS**, as co-trustee of the Sweis Living Trust, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13 C 7175 |
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**; **OVERMAN AGENCY, LLC**; **LARRY D. BROWN**; and **TERRI L. BROWN**, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

It has become increasingly apparent with the passage of time that this Court is the figurative legal equivalent of Mickey Mouse in Walt Disney's 1940 animated classic <u>Fantasia</u> -- engaged in a perhaps hopeless attempt to sweep back the relentless sea of improper pleadings with the equivalent of Mickey's broom: that is, by opinions such as this one. Nonetheless this Court cannot in good conscience give up the effort, but from here on out it plans to begin many, if not all, such opinions as it has begun this one.[1]

If any target of such an opinion finds that annoying, too bad -- maybe placing a burr under the pleader's saddle in that fashion may induce thought on the pleader's part.[2] To make the

---

[1] Some 13 years ago this Court, tired of having to repeat the reasons why a good many aspects of pleading by defense lawyers were off the mark (or perhaps motivated by the desire to spare its long-term secretary the chore of having to retype those explanations), published an Appendix to its opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276 (N.D. Ill. 2001). Unfortunately that effort and the resulting ability to identify a group of venial pleading sins by citations, without having to reiterate the explanations at length, hasn't stemmed the flow.

[2] Moreover, given the advent of the computer and the ability to create and reproduce a
(continued...)

quantum leap backward from Fantasia to truly classic times, it should be remembered that Cato the Elder followed the invariant practice of ending every one of his speeches on the floor of the Roman Senate -- on any subject whatever -- with the message "Carthage must be destroyed" (Delenda est Carthago). It ultimately was, so perhaps a comparable pleading miracle may come about.

In this instance the errors committed by counsel for co-defendants Overman Agency, LLC, Larry Brown and Terri Brown (collectively "Overman Defendants") are particularly egregious, in substantial part (though not entirely) because they violate so many of the principles articulated in State Farm. But before this opinion turns to those flaws, it should also be noted that Overman Defendants' counsel have failed to comply with this District Court's LR 5.2(f) by their nondelivery of the required Judge's copy of their clients' Answer and purported Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC") brought by plaintiff Nicholas Sweis ("Sweis"). That responsive pleading was filed more than 1-1/2 months ago, and the nondelivery came to light only when this Court's courtroom deputy checked the docket at this Court's request in preparation for the previously scheduled January 15, 2014 status hearing.

Because LR 5.2(f) adopts a dealer's choice approach, under which each judge can determine whether or not to retain paper files as part of his or her case management system, counsel need to check each particular judge's website for that purpose. This Court's website sets out its requirement of delivery at its very beginning, and counsel are warned there that failure to

---

[2](...continued)
macro without significant effort on the part of this Court's secretary, no real addition to her workload will be imposed.

comply will result in a modest fine. Accordingly Overman Defendants' counsel must promptly deliver a check for $100 payable to the "Clerk of the District Court" to this Court's chambers.

To turn to counsel's repeated flouting of more substantive requirements, the responsive pleading is extraordinarily troubling. This memorandum opinion and order will address the deficiencies in that pleading in the order in which they occur, rather than attempting to rank them in their possible order of significance.

To begin with, Answer ¶¶ 1, 2, 8, 9 and 12-16 depart impermissibly from the crystal-clear roadmap provided by Fed. R. Civ. P. ("Rule") Rule 8(b)(5) as the basis for defendant's obtaining a deemed denial of a complaint's allegations that pose a legitimate problem of compliance with Rule 8(b)(1)(B) -- see App'x ¶ 1 to State Farm. Indeed, counsel's omission of Rule 8(b)(5)'s critical reference to "belief" (which makes any good faith invocation of that Rule more difficult) is compounded by counsel's meaningless demand for "strict proof" (note that both of those flaws are specifically mentioned in State Farm App'x ¶ 1).

Next, Answer ¶¶ 6, 7, 34, 42, 50 and 52 advance the unacceptable and flat-wrong premise that allegations characterized as "legal conclusions" need not get a response. Again counsel have flouted the principles referred to in State Farm, this time in its App'x ¶ 2.

As if to keep counsel's string of errors unbroken, Answer ¶ 10 fails to respond to an allegation about an insurance policy on the asserted claim that it "speaks for itself" -- on that score State Farm's App'x ¶ 3 scotches any such position. Moreover, Answer ¶ 10's second clause (the one that begins "therefore") is also unacceptable, because it would require the reader to guess what allegations defense counsel believes to be "inconsistent with the contents" of that insurance policy.

To shift for a moment from the violations covered by State Farm, Overman Defendants' counsel begin their response to FAC Counts I and II (each of which targets only co-defendant Travelers Casualty Insurance Company of America) by an appropriate statement that "no answer is necessary" from the Overman Defendants. But in each instance that proper statement is followed by a denial of all allegations in those counts "[t]o the extent . . . directed toward the answering Defendants." There is no indication, though, that counsel has examined those allegations paragraph by paragraph, and it is certainly at least likely that some would call for a different response. Because that clause adds nothing of a substantive nature, it is stricken.

To return finally to the State Farm coverage, Overman Defendants' purported ADs run directly afoul of App'x ¶ 5 to that opinion. Those asserted ADs might perhaps survive scrutiny in a different case, but not where -- as Rule 8(c) and its caselaw require -- Sweis' FAC allegations are accepted as gospel.

In sum, the Answer and the ADs are stricken in their entirety because a piecemeal dismissal would create a hodgepodge pleading. Overman Defendants are granted leave to file a self-contained Amended Answer (but not amended ADs) to the FAC on or before January 29, 2014.

                                               _____
                                               Milton I. Shadur
                                               Senior United States District Judge

Date: January 14, 2014