IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

**NICHAOLAS SWEIS**, as co-trustee of the  )
Sweis Living Trust,                         )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )    Case No. 13 C 7175
                                            )
**TRAVELERS CASUALTY INSURANCE**            )
**COMPANY OF AMERICA**; **OVERMAN**         )
**AGENCY, LLC**; **LARRY D. BROWN**;        )
and **TERRI L. BROWN**,                     )
                                            )
                    Defendants.             )

## MEMORANDUM

Defendants Overman Agency, LLC, Larry Brown and Terri Brown (collectively "Overman Defendants") have, in response to this Court's January 14, 2014 memorandum opinion and order ("Opinion") that identified some problematic aspects of their original Answer to the First Amended Complaint ("FAC") brought against them and Travelers Casualty Insurance Company of America ("Travelers") by Nicholas Sweis ("Sweis"), filed a Revised Answer to the FAC. Although that repleading has dealt with the issues addressed in the Opinion, some aspects of the Revised Answer appear to call for comment.[1]

For example, although Revised Answer ¶ 9 states in part that "Defendants admit that Overman was retained to procure a policy of insurance for Plaintiff, and was paid a fee for its services," Revised Answer ¶ 12 then admits this allegation by Sweis (emphasis added):

---

[1] What follows in the text should not be mistaken for substantive rulings by this Court -- that remains for the future. Nor has this Court examined whether any of the flat-out denials in the Revised Answer need scrutiny -- that will of course become relevant when the facts of the case are developed through discovery. Instead the subjects covered here are intended to assist the litigants by focusing their attention on some questions posed by the lawsuit.

> On or about October 13, 2011, <u>Travelers, through Larry Brown,</u> issued to Sweis a signed certificate of property insurance (no. 25298) (the "Certificate"), which listed the Subject Property as falling within the Property's coverage.

But one of the fundamental principles of the law of agency is that it cannot be proved through a statement of the purported agent alone, so that the issue of Overman Defendants' ability or lack of ability to bind Travelers by their conduct in the issuance of that certificate remains very much in dispute despite the Revised Answer ¶ 12 admission.

Next, Overman Defendants advance a Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer to this FAC ¶ 34 allegation:

> Larry Brown had a duty as a licensed insurance agent to properly and effectively implement the Trust's insurance needs according to Sweis' wishes to ensure that the Policy reflected the right amount of coverage, right type of coverage, and that the proper risk was insured against.

In candor, it seems absurd for Larry Brown to disclaim having knowledge or information sufficient to form a belief about that allegation, especially in light of the already-referred-to admission in Revised Answer ¶ 9. It would seem that FAC ¶ 34 ought to receive a substantive response rather than the Rule 8(b)(5) disclaimer.

Unsurprisingly, Revised Answer ¶ 42 echoes for Terri Brown the just-discussed response by Larry Brown. Once more Overman Defendants' counsel ought to reconsider matters to see whether that disclaimer too can fairly be advanced in the objective good faith required by Rule 11(b).

Notice pleading, the concept embodied in the federal practice, is really incumbent on defendants as well as plaintiffs. After all, pleadings have as their basic purpose the identification of which matters are or are not at issue between the parties. As already stated, counsel for

Overman Defendants is expected to take a fresh look at the matters dealt with here in that light.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 30, 2014