# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **NICHOLAS SWEIS**, as co-trustee of the Sweis Living Trust, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13 C 7175 ) |
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**; **OVERMAN AGENCY, LLC**; **LARRY D. BROWN**; and **TERRI L. BROWN**, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Overman Agency, LLC, Larry Brown and Terri Brown (collectively "Overman Defendants") have filed a motion for summary judgment to which plaintiff Nicholas Sweis ("Sweis") as co-trustee of the Sweis Living Trust has just filed his response. Unfortunately neither side's counsel has exhibited an understanding of the requirements for tendering or responding to such Fed. R. Civ. P. ("Rule") 56 motions, and the current motion is denied.

As for the Overman Defendants, their "Statement of Material Facts About Which There Is No Genuine Issue" (a critical component of any Rule 56 motion, as called for by this District Court's LR 56.1) has not complied with the plain directives as to evidentiary submissions set out in Rule 56(c)(1)(A) and (c)(4). In that respect, it is one thing to cite to the allegations in Sweis' Complaint, for those are admissions on his part. But by contrast, the following key component

of Overman Defendants' motion set out in its Statement ¶ 10 (emphasis added) has nothing to back it up other than Overman Defendants' counsel's ipse dixit:

> In or around April 2011, At SWEIS' request, OVERMAN added liability coverage to the Policy for commercial property located at 526 E. 47th street in Chicago, Illinois (the "Chicago Property"), which <u>SWEIS advised OVERMAN serves both as a storage facility and an office space, with SWEIS maintaining an operating officer there with several employees</u>.

On the other side of the coin, Sweis' response to Oberman Defendants' statement, required by LR 56.1(b)(3), reflects an equally misguided approach to Rule 56. Thus his Response ¶¶ 6, 7 and 12 through 17 reflect a belief that it is somehow sufficient for him to parrot the Rule 8(b)(5) disclaimer -- a disclaimer that is permitted for <u>pleading</u> purposes but is not at all available to put into issue any assertion by a Rule 56 movant that does conform to Rules 56(c)(1) and (c)(4). Because of those impermissible nonresponses, it would appear that all of Overman Defendants' statements that have been met with such an attempted disclaimer -- and not with a challenge to their substantive consideration -- could be treated as having also been admitted. But that is not a certainty, and further input is needed from the parties' counsel.

As for the earlier-mentioned Statement ¶ 10, here is the Sweis response, and it is puzzling indeed:

> Plaintiff admits the allegations in this paragraph, except plaintiff states the individuals who had access to the Chicago Property were subcontractors. Plaintiff further denies that Exhibit B to the Overman Memorandum states the Chicago Property was being used as an office space, or housing a working environment for employees, as that Exhibit states only that the property was used for "storage."

If that is read literally, Sweis has <u>admitted</u> the earlier-emphasized portion of Statement ¶ 10. And if that is the case, Overman Defendants' Mem. Ex. F (an e-mail exchange between Larry Brown and Dana Forsberg, an Account Executive of co-defendant Travelers Casualty Insurance Company of America) and Ex. G (an e-mail from Larry Brown to Sweis) would undercut Sweis'

lawsuit considerably. But once again the unsatisfactory nature of both sides' submissions precludes a definitive ruling.

Because both sides' counsel have botched their Rule 56 and LR 56.1 submissions, the only appropriate ruling at this point is the denial of Overman Defendants' motion without prejudice, and this Court so orders. This ruling should not be misunderstood as an ultimate determination on any aspect of this litigation.

                                                     Milton I. Shadur
                                                     Senior United States District Judge

Date: February 24, 2014